# Exhibit 1

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED
FILED
FEB 19 2025
Clerk of the Court
Superior Court of CA County of Santa Clara
BY L. AYALA DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
Apple Inc.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
Daniel Steinhart carrying on business as DAS Solutions

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Santa Clara Superior Court
191 North First Street, San Jose CA 95113

CASE NUMBER: *(Número del Caso):* 25CV459007

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel Steinhart carrying on business as DAS Solutions, 70 Delisle Avenue Unit 215, Toronto, Canada M4V1S7, 1-416-451-8673

DATE: February 13th, 2025 FEB 19 2025 *(Fecha)* Clerk of the Court Clerk, by *(Secretario)* L. AYALA, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Apple, Inc
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

***What is ADR?***
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

***What are the advantages of choosing ADR instead of litigation?***
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

***What are the main forms of ADR offered by the Court?***
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:

- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:

- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

***What kind of disputes can be resolved by ADR?***
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

***Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?***

***Contact:***
Santa Clara County Superior Court
ADR Administrator
408-882-2530

**ATTACHMENT CV-5012**

# CIVIL LAWSUIT NOTICE

***Superior Court of California, County of Santa Clara***
***191 North First St., San José, CA 95113***

CASE NUMBER: 25CV459007

**PLEASE READ THIS ENTIRE FORM**

***PLAINTIFF*** (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint, Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

***DEFENDANT*** (The person sued): **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format*, in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

**Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

***RULES AND FORMS:*** You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José or at https://www.scscourt.org/self_help/civil/civil_help.shtml.

- State Rules and Judicial Council Forms: https://www.courts.ca.gov/formsrules.htm
- Local Rules and Forms: https://www.scscourt.org/forms_filing.shtml and https://www.scscourt.org/court_divisions/civil/civil_rules/civil_rules.shtml

***CASE MANAGEMENT CONFERENCE (CMC):*** You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

***You or your attorney must appear at the CMC.*** *You may have the option, or be required, to appear remotely – see Local Civil Rule 8.*

**Your Case Management Judge is:** Hon. Roberta S. Hayashi **Department:** 16

**The 1st CMC is scheduled for:** (Completed by Clerk of Court)
**Date:** 11/07/2025 **Time:** 10.01am **in Department:** 16

**The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed)
**Date:** ________ **Time:** ________ **in Department:** ________

***ALTERNATIVE DISPUTE RESOLUTION (ADR):*** If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 30 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at https://www.scscourt.org/court_divisions/civil/adr/civil_adr.shtml or call the ADR Administrator (408-828-8547) for more information.

***WARNING:*** Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Daniel Steinhart carrying on business as DAS Solutions
70 Delisle Avenue Unit 215, Toronto, Canada M4V1S7

TELEPHONE NO.: 1-416-451-8673 FAX NO.:
EMAIL ADDRESS: steinhart8673@gmail.com
ATTORNEY FOR *(Name):*

FOR COURT USE ONLY

ENDORSED FILED
FEB 19 2025
Clerk of the Court
Superior Court of CA County of Santa Clara
BY ______________ DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose CA, 95113
BRANCH NAME:

CASE NAME:
Steinhart v. Apple Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: #25CV459007 |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $35,000) [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [X] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 2 - Legal Misrepresentation and Unfair Business Practices
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: February 13th, 2025
Daniel Steinhart carrying on business as DAS Solutions ▶ D.S.
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.





BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

ENDORSED

FILED
FEB 19 2025
Clerk of the Court
Superior Court of CA County of Santa Clara
BY L. AYALA DEPUTY

**Daniel Steinhart carrying on business as DAS Solutions**
70 Delisle Avenue Unit 215
Toronto, Canada M4V1S7
416-451-8673
steinhart8673@gmail.com

**Pro Se**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SANTA CLARA**

**Case No.:**

**DANIEL STEINHART carrying on business as DAS SOLUTIONS**
Plaintiff,

**v.**

**APPLE INC.,**
Defendant.

**COMPLAINT FOR LEGAL MISREPRESENTATION AND UNFAIR BUSINESS PRACTICES**

Case # #25CV459007

## I. INTRODUCTION

1. This is an action for **legal misrepresentation and unfair business practices** arising from Apple Inc.'s rejection of Plaintiff's mobile application, Blynd.
2. Plaintiff seeks **compensatory damages, punitive damages, and injunctive relief** due to Apple's repeated refusal to acknowledge the uniqueness of Blynd and the approval of a similar competing app, Skip.

## II. PARTIES

3. **Plaintiff:** Daniel Steinhart carrying on business as DAS Solutions is a Mobile Application Developer headquartered in **Toronto, Ontario, Canada**.
4. **Defendant:** Apple Inc., a corporation with its principal place of business at **One Apple Park Way, Cupertino, California, 95014**, which operates the App Store and reviews mobile application submissions.

## III. JURISDICTION AND VENUE

5. This Court has **subject matter jurisdiction** under **California Code of Civil Procedure § 410.10**, as the claims arise within the State of California.

6. This Court has **personal jurisdiction** over Defendant because Apple Inc. conducts business in California and the actions giving rise to this Complaint occurred within California.
7. **Venue is proper** in Santa Clara County under **California Code of Civil Procedure §§ 395(a) and 395.5**, as Apple Inc.'s principal place of business is located in this county.

## IV. FACTUAL ALLEGATIONS

8. Plaintiff developed a mobile dating application named **Blynd,** which is unique as the first dating app that does not allow any messaging between users. Instead, users who match are required to set up a date to further connect. Users are provided basic information about their matches, such as a photo, location, occupation, age, ethnicity, sexual orientation, hobbies, and religion, with filters in place.
9. Plaintiff submitted Blynd to Defendant's **App Store** platform for approval **six times** between **March 11, 2021, and December 21, 2021.**
10. Each time, the **App Review Board** rejected Blynd, citing **Section 4.3 of the App Review Guidelines**, which states that new dating apps must offer a **"unique high-quality experience"** and that new dating apps are considered **a form of spam unless they meet this requirement.**
11. Plaintiff received notification of the **alleged violation of Section 4.3** via written correspondence from Apple on **August 13, 2021, August 17, 2021, and December 21, 2021.**
12. Plaintiff submitted **three separate appeals** of the App Review Board's decision, all of which were rejected on **January 4, 2022, February 16, 2022, and March 6, 2022.** A second rejection of the third appeal followed further correspondence on **March 29, 2022.**
13. Plaintiff had **six separate unrecorded phone calls** with different Apple representatives regarding Blynd's rejection. During these calls, Apple representatives repeatedly stated that **the Section 4.3 Guideline violation was valid** and that **Blynd was not unique enough to warrant approval.** These calls occurred on:

- July 26, 2021
- September 7, 2021
- February 17, 2022
- March 7, 2022
- April 18, 2022
- May 25, 2022

14. Despite detailed explanations and supporting evidence, Apple **refused to acknowledge Blynd's unique features** and continued to reject the app, demonstrating that Plaintiff gave Apple **numerous opportunities** to recognize Blynd's uniqueness before resorting to legal action.
15. The App Review Board explicitly stated:

- **"While we understand that you believe Blynd is the only dating app that allows users to set up blind dates without prior communications and provides other unique features as is, we have continue to locate similar apps that provide such features**

**already existed on the App Store. As such, the information provided is currently not sufficient to resolve the 4.3 guideline violation."**

16. This statement is **blatantly false**, as Plaintiff can demonstrate that **no such apps existed at the time.**
17. Plaintiff later discovered another dating application, **"Skip"**, which is **substantially similar** to Blynd and advertises itself as the **first dating app with no messaging**, stating:

- **"The first dating app with no chat."**

18. The development of Blynd **predates** that of Skip.
19. Despite minor differences, **both apps share the key feature** of requiring users to **set up dates without messaging**, accomplished through a proposal mechanism involving a **date, location, and time.**
20. Skip and Blynd are alike in that:

- Both allow users to have **some information** about the person they are meeting on their blind date, including a photo and certain characteristics.
- Both apps prohibit messaging and require users to **set up a date** using a **proposal mechanism** that includes **date, location, and time.**
- Both apps allow users to send **counter-proposals** until a mutually agreed date is confirmed.
- Both use **geolocation** to enable users to find matches within their vicinity.
- Both provide a **secure means of locating each other** on the date, allowing limited messaging **just minutes before the meeting time** to facilitate the in-person encounter.

21. Apple **approved Skip** for the **App Store** while **refusing to approve Blynd**, despite Blynd's **earlier development and substantially similar concept.**

## V. CAUSES OF ACTION

### FIRST CAUSE OF ACTION – LEGAL MISREPRESENTATION

22. Defendant knowingly provided **false and/or misleading information** by asserting that Blynd lacked uniqueness and by claiming that other apps already offered similar features.
23. These misrepresentations caused harm to Plaintiff, including **loss of income and damage to reputation.**
24. Defendant's actions constitute **fraudulent and/or negligent misrepresentation,** violating principles under the **Restatement (Second) of Torts § 552.**
25. Specifically, the App Review Board's statements regarding the existence of similar apps misled the Plaintiff and led to the unjustified rejection of Blynd.

### SECOND CAUSE OF ACTION – UNFAIR BUSINESS PRACTICES

26. Defendant engaged in **unfair business practices** by rejecting Blynd on grounds of insufficient uniqueness while approving **a similar app, Skip, for the App Store.**

27. These actions are **arbitrary, discriminatory, and hinder fair competition** in the app marketplace, violating **California Business and Professions Code § 17200.**
28. By approving Skip but denying Blynd, the Defendant conferred an unfair advantage on Skip while unjustly excluding Blynd from the market.

## VI. PRAYER FOR RELIEF

29. WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

- Award **compensatory damages** in an amount to be determined at trial.
- Award **punitive damages** to deter similar conduct.
- Grant **injunctive relief** requiring Defendant to approve Blynd or provide valid reasons for its rejection.
- Award any other relief the Court deems **just and proper**.

## VII. VERIFICATION

30. I, **Daniel Steinhart carrying on business as DAS Solutions** declare under **penalty of perjury under the laws of the State of California** that the foregoing is true and correct to the best of my knowledge.

**Dated:** ____February 13th, 2025___________
**Signed:** ______________________
**Daniel Steinhart carrying on business as DAS Solutions**

25CV459007
Santa Clara – Civil

T. Phan

| | | | | |
|---|---|---|---|---|
| *Attorney or Party without Attorney:*<br>Daniel Steinhart<br>70 Delisle Avenuer<br>#215<br>Toronto, on M4V1A<br>*Telephone No:* 416-451-8673<br>*Attorney for:* Plaintiff | | | *Ref. No. or File No.:* | *For Court Use Only*<br>**Electronically Filed by Superior Court of CA, County of Santa Clara, on 3/5/2025 2:45 PM Reviewed By: T. Phan Case #25CV459007 Envelope: 18491019** |
| *Insert name of Court, and Judicial District and Branch Court:*<br>Santa Clara County Superior Court | | | | |
| *Plaintiff:* Daniel Steinhart<br>*Defendant:* Apple, Inc. | | | | |
| **PROOF OF SERVICE Summons & Complaint** | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>25CV459007 |

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the Summons & Complaint; Civil Lawsuit Notice; ADR Information; Civil Case Cover Sheet

3. a. *Party served:* Apple, Inc.
   b. *Person served:* Elaine Y., Authorized to Accept Service

4. *Address where the party was served:* 10355 N De Anza Blvd.
   Cupertino, CA 95014

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive process for the party (1) on: Fri., Feb. 28, 2025 (2) at: 2:00PM

6. *The "Notice to the Person Served" (on the Summons) was completed as follows:*
   a. as an individual defendant

7. ***Person Who Served Papers:***
   a. David C Newman
   **b. Bender's Legal Service, Inc.**
   1625 The Alameda
   Suite 511
   San Jose, CA 95126
   c. 408 286-4182, FAX 408 298-4484

Recoverable Cost Per CCP 1033.5(a)(4)(B)

d. ***The Fee** for Service was:* $85.00
e. I am: (3) registered California process server
   *(i)* Independent Contractor
   *(ii) Registration No.:* PS1889
   *(iii) County:* Santa Clara

8. ***I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.***

***Date: Fri, Feb. 28, 2025***

**(David C Newman)**